## John D. Halladay, Appellee, v. Murphysboro Supply Company et al., Appellants.

### (Not to be reported in full.)

Appeal from the Circuit Court of Jackson county; the Hon. DE-WITT T. HARTWELL, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed November 13, 1916.

### Statement of the Case.

Action under the Dramshop Act, sec. 9 (J. & A. ¶ 4609), by John D. Halladay, plaintiff, against Murphysboro Supply Company, Rudolph Stecher Brewing Company, Thomas John and Daisy Mitchell, defendants, to recover for the death of plaintiff's son due to his falling from the top of a railroad car which he had boarded while in an intoxicated condition from liquor obtained of defendants. From a judgment for plaintiff for $1,500, defendants appeal.

W. H. NELMS, F. P. DRENNAN and W. F. ELLIS, for appellants.

SCHWARTZ & HAYS and MARTIN & GLENN, for appellee; HAROLD F. LINDLEY, of counsel.

MR. JUSTICE McBRIDE delivered the opinion of the court.

### Abstract of the Decision.

1. INTOXICATING LIQUORS—*when cross-examination proper in action for damages under Dramshop Act.* In an action for damages under the Dramshop Act, sec. 9 (J. & A. ¶ 4609), a question on cross-examination whether the witness would say positively he did not sell intoxicating liquors or lager beer to a minor on a certain night, tes-

Halladay v. Murphysboro Supply Co., 203 Ill. App. 142.

timony in chief having been given that the instructions from the proprietor of the saloon were not to sell to minors, *held* proper if for no other purpose than to ascertain whether such instructions were given and were being carried out in good faith.

2. WITNESSES, § 253*—*when weight of is for jury.* The fact that a witness' testimony may not be of much weight because of remoteness does not destroy its competency, and its weight is for the jury.

3. INTOXICATING LIQUORS, § 249*—*when instruction in language of statute in action for death of minor is not erroneous.* Giving an instruction in the language of the statute, section 9 of the Dramshop Act (J. & A. ¶ 4609), in an action for the death of a minor due to intoxication and not directing a verdict, is not improper.

4. INTOXICATING LIQUORS, § 250*—*when instruction authorizing allowance of exemplary damages in action for death of minor is not erroneous.* Where in an action for death under the Dramshop Act, sec. 9 (J. & A. ¶ 4609), the evidence warranted a finding that plaintiff sustained actual damages and that liquor was sold to the deceased, a minor, in violation of statute, *held* that the defendant could not complain even if an instruction was broad enough to include exemplary damages.

5. INTOXICATING LIQUORS, § 233*—*what damages are recoverable in action for death of minor due to intoxication.* The right of recovery under the Dramshop Act, sec. 9 (J. & A. ¶ 4609), for the death of a minor is not limited to the value of the deceased's wages, but if he contributed to the parent's support, and if plaintiff is injured in his means of support by reason of the unlawful sale of liquor and consequent intoxication, he may recover whatever loss the jury determines he has sustained.

6. INTOXICATING LIQUORS, § 187*—*when right of action exists in favor of persons sustaining loss due to intoxication.* If a person by reason of intoxication is rendered reckless and careless of his own safety and unfit to care for himself, and is injured as a result of such intoxication, a right of action exists in the person who sustained loss from such injury.

7. NEGLIGENCE, § 196*—*when proximate cause is question for jury.* Where there is evidence tending to show any particular thing could be the proximate cause of an injury, the jury are the judges of what constitutes such proximate cause.

8. INTOXICATING LIQUORS, § 245*—*when verdict for damages for death of minor is not excessive.* Where the evidence tended to show that the deceased was a good worker, capable of earning $2 a day, contributed much of his wages to the support of the father and the family dependent upon him, was seventeen years and six months old

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

and of industrious habits, *held* a verdict for $1,500 damages for his death was not excessive.

9. INTOXICATING LIQUORS, § 247*—*when proximate cause of death of intoxicated minor is question for jury.* Where a minor, while in an intoxicated condition, climbed on top of a railroad car and lost his balance while walking on the top thereof and fell between the cars and was killed, *held* that it was a question for the jury whether such intoxication was the proximate cause of his death.